UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | :  CRIMINAL NO. 20-mj-37 (RMM) |
| v. | : |
| DAYQUAN WALKER, | : |
| Defendant. | : |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION

The United States of America, by and through its Attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to order the pretrial detention of defendant Dayquan Walker, and in support thereof, submits this memorandum providing an overview of the investigation which led to the February 26, 2020 arrest of the defendant for illegal possession of a firearm. In support thereof, we submit as follows:

### I. PROCEDURAL BACKGROUND

On February 26, 2020, the defendant was arrested by members of the Metropolitan Police Department (MPD) for illegal possession of a firearm. On February 27, 2020, a criminal complaint was filed in this Court charging the defendant with one count of Unlawful Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). The defendant appeared for an initial appearance on the complaint on February 28, 2020. The defendant was held pursuant to the government's request for detention under 18 U.S.C. § 3142(f)(1)(E) and 18 U.S.C. § 3142(d)(1)(A)(iii). A preliminary and detention hearing was scheduled for March 3, 2020 at 1:45 p.m. On the morning of March 3, 2020, the defendant was indicted by a federal grand jury sitting in the U.S. District Court for the District of Columbia on one count of Unlawful Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). A copy of the unsigned indictment is attached as

1

Exhibit A. The government intends to rely on the indictment for probable cause and proceed by way of proffer at the detention hearing.

## II. LEGAL AUTHORITY

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). The parties may proceed by way of proffer and hearsay is permitted. Id.; United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the Government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986); United States v. Williams, 798 F.Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery. Smith, 79 F.3d at 1210, see also Williams, 798 F. Supp. at 36.

The Bail Reform Act Section 3142(e), which authorizes detention without bail pending trial, provides:

> If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer ***shall order*** the detention of the person before trial.

18 U.S.C. § 3142(e) (emphasis added). Factors that the Court must consider when determining whether there are release conditions that will reasonably assure a defendant's appearance as required and the safety of any person and the community are: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the person, (3) the

2

history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). A defendant must be detained pending trial if the Court determines that no condition or combination of conditions "will reasonably assure the appearance of the person as required and the safety of any other person and the community . . ." 18 U.S.C. § 3142(e). A judicial determination that a defendant should be detained pending trial on grounds of community safety must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B); see also United States v. Simpkins, 826 F.2d 94, 96 (D.C. Cir. 1987).

The government may request detention in any case where a defendant is charged with a felony involving possession of a firearm, per Section 3142(f)(1)(E), and the government requests detention in this case on that basis.

### III.   FACTUAL BACKGROUND

On February 26, 2020 at approximately 11:18 a.m., officers from the Metropolitan Police Department (MPD) 7th District Crime Suppression Team (CST) were on patrol in the 2800 block of Buena Vista Terrace, SE in Washington, D.C. Officer Saunders and Officer Jarvie were riding together in a marked patrol vehicle in full uniform. Officer Jarvie observed an individual later identified as the defendant Dayquan Walker smoking what appeared to be a marijuana cigarette on public space.

Officers exited their vehicle and placed the defendant under arrest for public consumption of marijuana. The lit marijuana cigarette was recovered. Officer Jarvie conducted a pat-down of the defendant prior to transport and did not recover anything. Shortly after the pat-down was conducted, the defendant began telling officers that he was going to pee himself and that he

3

needed to use the bathroom right away. The officers said he would have to wait until they got to the 7th District police station, which is only a short distance from where the defendant was stopped. Officer Saunders transported the defendant to the 7th District. As Officer Saunders and the defendant were pulling into the police station, Officer Saunders asked the defendant if he had anything else on him and explained that he would be searched more thoroughly at the station. At this time, while the vehicle was parked, Officer Saunders heard a thump behind him and noticed the defendant was moving around. Officer Saunders got out of the driver's seat and opened the back passenger door to check on the defendant. Defendant Walker then began complaining that his leg was hurting, while making a kicking motion. Officer Saunders looked down and observed the handle of a firearm on the floorboard beneath the defendant's feet.

Officer Saunders immediately notified other officers of the firearm and took the defendant out of the vehicle. At this point Defendant Walker stated, "I wasn't trying to get caught with it!" Officer Saunders recovered the firearm from the floorboard. The firearm was a Bersa Thunder .380 caliber handgun. At the time it was recovered, it was loaded with one in the chamber and nine rounds in the magazine. Officer Saunders checked the transport vehicle thoroughly before coming into contact with the defendant, and had not transported any other individuals that day. The defendant has a prior conviction for a crime punishable by more than one year, as further discussed below. There are no firearms or ammunitions manufacturers in the District of Columbia.

The defendant was interviewed by Detective Volpe at the 7th District. The defendant waived his Miranda rights and agreed to speak with Detective Volpe. Defendant Walker admitted to possession of the gun and stated he found it earlier and was going to give it away.

4

This statement occurs between 15 and 17 minutes into the interview video. The defendant further explained that he had the gun on him when the officers stopped him, but they did not feel it during the pat-down. The defendant stood up and demonstrated to Detective Volpe where the firearm was (near his groin area). The defendant then said that when he was in the police car, he tried to put the gun under the seat. These statements occur between 17 and 19 minutes into the interview video.

IV.    **DEFENDANT'S CRIMINAL HISTORY**

The defendant has one prior serious conviction from Prince George's County, Maryland. The defendant was convicted of Conspiracy to Commit Armed Robbery on March 3, 2017 and sentenced to 15 years of confinement, with 13 and a half years suspended. The defendant was placed on 5 years of supervised probation. The defendant began this period of probation on May 22, 2018, a little less than two years prior to the instant offense. The defendant is on supervision until May 22, 2023. At the time of his arrest, according to the Pretrial Services Agency (PSA) report, the defendant was noncompliant with probation. Specifically, the defendant has not completed community service or enrolled in a GED program as required and has not paid required fees. Additionally, the defendant is non-compliant due to a recent arrest for disorderly conduct in Prince George's County that occurred on February 14, 2020. That case is still pending.

V.    **ARGUMENT**

All four factors that the court is to consider under 18 U.S.C. § 3142(g) favor detention in this case.

First, as to the nature and circumstances of the offense charged, the defendant is a felon in possession of a firearm. The firearm was loaded and he was carrying it in public in the middle of

the day, while smoking marijuana. The defendant's prior felony conviction is for a serious violent felony for which he received a significant sentence.

As to the second factor, the weight of the evidence against the person, the government would assert that there is very strong evidence in this case. The firearm was recovered by the defendant's feet in a police cruiser and he was the only back-seat occupant. The cruiser had been searched prior to the defendant sitting in it. The defendant's actions – asking to use the bathroom immediately after the firearm went undetected in the pat-down, saying his leg hurt while kicking prior to Officer Saunders's recovery of the firearm by his feet – all show his knowledge of the firearm, as does his spontaneous statement that "I wasn't trying to get caught with it." Further, the defendant fully admitted in a Mirandized statement to his possession of the firearm. The government notes that this Mirandized statement has been provided to the defense prior to the detention hearing.

The third factor, the history and characteristics of the person, also favors detention. The defendant's prior conviction is for Conspiracy to Commit Armed Robbery, indicating that he has participated in a violent crime involving the use of a weapon in the past. This is not a defendant whose prior conviction involves narcotics activity or other possessory offenses. The defendant's prior conviction is also fairly recent - he was convicted three years ago and began his probation two years ago. The fact that the defendant is under court supervision did not dissuade him from illegally possessing a firearm in this case. The PSA recommendation is that no condition or combination of conditions can reasonably assure the defendant's appearance or safety to the community.

Finally, the government asserts that the nature and seriousness of the danger to the

community that would be posed by the defendant's release is too great in this case. The defendant was carrying a loaded firearm in the streets and fully admitted to possession of the firearm. The defendant carried the firearm while on supervised probation for a violent felony. As the defendant has already violated his Prince George's County community supervision by carrying a firearm, there is no reason to place him back into the community on this case. There is no reassurance that the defendant will not illegally obtain another firearm if released, given that he was already on supervision when he obtained this one.

The government reserves the right to, and will make, further arguments at the detention hearing. The government respectfully requests this Court to find, by clear and convincing evidence, that no condition or combination of conditions can be imposed that would reasonably assure the safety of the community. This Court should order that Dayquan Walker be held without bond during the pendency of this case to ensure his appearance as required and to protect the safety of any other person and the community from the defendant.

**WHEREFORE**, we respectfully request that the Court issue an Order granting the government's motion that Dayquan Walker be held without bond.

          Respectfully submitted,
          TIMOTHY J. SHEA
          UNITED STATES ATTORNEY
          D.C. Bar No. 437437

By: _____
      Sara Vanore, P.A. Bar 208070
      Assistant United States Attorney
      555 4th Street, N.W., Fourth Floor
      Washington, D.C. 20530
      202-252-7102
      sara.vanore@usdoj.gov

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on December 6, 2019

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| v. | : | MAGISTRATE NO. 20-MJ-0037 |
| DAYQUAN WALKER, | : | VIOLATION: |
| | : | 18 U.S.C. § 922(g)(1) |
| Defendant | : | (Unlawful Possession of a Firearm and |
| | : | Ammunition by a Person Convicted of a |
| | : | Crime Punishable by Imprisonment for a |
| | : | Term Exceeding One Year) |
| | : | FORFEITURE: 18 U.S.C. § 924(d), |
| | : | 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c) |

### INDICTMENT

The Grand Jury charges that:

### COUNT ONE

On or about February 26, 2020, within the District of Columbia, **DAYQUAN WALKER**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Circuit Court for Prince George's County, Maryland, Criminal Case No. CT151521A, did unlawfully and knowingly receive and possess a firearm, that is, a loaded Bersa Thunder, .380 caliber semi-automatic firearm, and did unlawfully and knowingly receive and possess ammunition, that is, .380 caliber ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense, including but not limited to a loaded Bersa Thunder, .380 caliber semi-automatic firearm and .380 ammunition.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the Court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c))

A TRUE BILL:

FOREPERSON.

TIMOTHY J. SHEA /GPR
Attorney of the United States in
and for the District of Columbia.

2